No. 14 March 10, 2016 749

IN THE SUPREME COURT OF THE
STATE OF OREGON

STATE OF OREGON,
*Respondent,*

*v.*

ISACC CREED AGEE,
*Appellant.*

(CC 09C41224; SC S059530)

On appellants petition for reconsideration filed January 4, 2016; considered and under advisement February 23, 2016.

Kenneth A. Kreuscher, Portland Law Collective LLP, Portland, filed the petition for reconsideration for appellant. With him on the petition was Ryan T. O'Connor, O'Connor Weber LLP, Portland.

No appearance *contra.*

Before Balmer, Chief Justice, and Kistler, Walters, Landau, Baldwin, and Brewer, Justices.*

BALMER, C. J.

The petition for reconsideration is allowed. The former opinion is modified and adhered to as modified.

_____
* Nakamoto, J., did not participate in the consideration or decision of this case.

**BALMER, C. J.**

Defendant has petitioned for reconsideration of our decision in *State v. Agee*, 358 Or 325, 364 P3d 971 (2015). He argues that this court erred in two respects in affirming his judgment of conviction for aggravated murder. He contends, first, that the court erred in holding that the trial court did not err in allowing the prosecutor's extensive cross-examination of defense witness Davenport at a pretrial hearing until after defendant interposed a second objection to that cross-examination. Second, defendant seeks reconsideration of the court's conclusion that any trial court error in permitting the extensive cross-examination of Davenport at that pretrial hearing was harmless. We allow defendant's petition for reconsideration, modify our opinion, and adhere to the opinion as modified.

In support of his first argument, defendant quotes the following paragraph from this court's opinion:

"It is true that Davenport initially resisted answering questions about his relationship with a certain prison gang, but he did eventually answer all of the prosecutor's questions on that topic, and he had appropriately answered questions about his relationship with defendant. At the point when defense counsel interposed his second objection to the prosecutor's questions, Davenport also had answered several questions about the murder itself. At that point, requiring Davenport to answer questions from the prosecutor that essentially revealed the entirety of Davenport's substantive testimony about defendant's participation in the murder exceeded the legitimate purpose of the hearing. The prosecutor's continued questioning of Davenport constituted, in essence, a pretrial deposition—the sort of discovery that is not permitted under the statutes governing pretrial discovery in criminal matters and that is prohibited by the requirement in ORS 136.420 that all testimony 'shall be given orally in the presence of the court and jury.' *We conclude, therefore, that the trial court erred in overruling defense counsel's second and third objections to the prosecutor's continued questioning of Davenport about the events surrounding the murder.*"

358 Or at 335 (emphasis added). Defendant contends that he had unsuccessfully objected a first time to the prosecutor's extensive questioning about Davenport's gang involvement

in prison, and he had objected a second and third time as the prosecutor's questions veered into a detailed exploration of Davenport's and defendant's behavior and thoughts before and during the murder. In the paragraph quoted above, however, the court seemed to arbitrarily draw the line at his second objection. He asserts that "it is legally unclear why the pretrial examination of Davenport prior to [the] second objection was lawfully within the discretion of the trial court." And, he argues, by drawing the line at the second objection, the court permitted extensive examination of Davenport that went well beyond the trial court's need to control courtroom proceedings or to discover whether potential witnesses intended to assert a privilege, which were the bases for this court's conclusion that later parts of the examination went too far.

We agree that it is unclear in the opinion why the court marked the error at the trial court's overruling of the second and third objections, and we allow reconsideration to clarify the court's reasoning in that regard. As the court explained in its description of the facts surrounding the prosecutor's cross-examination of Davenport, defendant's objections, and the trial court's legal rulings, defendant first objected, unsuccessfully, when the prosecutor began asking questions about Davenport's gang involvement, and objected unsuccessfully for a second time when the prosecutor began asking Davenport specific and detailed questions about his and defendant's actions on the day of the murder. *Id*. at 330-31. Defendant then raised a third objection,

> "noting that the purpose of the hearing was limited to an inquiry about whether the inmate witnesses would be invoking their Fifth Amendment right not to testify. *Defendant conceded that the prosecutor had had reason to ensure that Davenport would testify about his gang involvement and who ordered the murder*, but he argued that this was not an opportunity for a pretrial deposition about the murder; Davenport had no arguable Fifth Amendment right not to testify about the murder itself and, therefore, the prosecutor should not be allowed effectively to depose him on that topic at that hearing. The prosecutor responded that '[t]his is not about him taking the Fifth.' Rather, the prosecutor argued, the issue was whether Davenport would answer the state's questions. The prosecutor argued that he should

be permitted to determine whether Davenport would 'talk through the incident in its entirety,' and, if not, then his testimony should not be allowed. The trial court overruled defendant's objection and directed the prosecutor to continue, which he did, in the same vein as earlier, questioning Davenport in detail about his and defendant's roles in the murder, his and defendant's statements during the murder, and what information defendant would have known prior to the murder."

*Id*. at 332 (emphasis added). As the italicized wording states, defendant "conceded that the prosecutor had had reason to ensure that Davenport would testify about his gang involvement and who ordered the murder." Defendant, thus, effectively conceded that the trial court was correct to overrule his first objection to the prosecutor's examination. With that concession, defendant waived the first objection.

To make the point clear, we therefore amend the opinion by adding the following clarifying sentence (in boldface below) to the original opinion, at 358 Or at 335:

"It is true that Davenport initially resisted answering questions about his relationship with a certain prison gang, but he did eventually answer all of the prosecutor's questions on that topic, and he had appropriately answered questions about his relationship with defendant. **Later at the hearing, defendant conceded that that questioning was proper, and, by that concession, defendant effectively waived his first objection to the examination of Davenport as to those matters.** At the point when defense counsel interposed his second objection to the prosecutor's questions, Davenport also had answered several questions about the murder itself. At that point, requiring Davenport to answer questions from the prosecutor that essentially revealed the entirety of Davenport's substantive testimony about defendant's participation in the murder exceeded the legitimate purpose of the hearing. The prosecutor's continued questioning of Davenport constituted, in essence, a pretrial deposition—the sort of discovery that is not permitted under the statutes governing pretrial discovery in criminal matters and that is prohibited by the requirement in ORS 136.420 that all testimony 'shall be given orally in the presence of the court and jury.' We conclude, therefore, that the trial court erred in overruling defense counsel's second and third objections to the

prosecutor's continued questioning of Davenport about the events surrounding the murder."

Defendant also seeks reconsideration of this court's conclusion that any trial court error in permitting extensive cross-examination of Davenport at the pretrial hearing was harmless. We have reviewed defendant's arguments on this point and do not find them persuasive. We therefore deny reconsideration of the court's conclusion that any trial court error in permitting extensive cross-examination of Davenport at the pretrial hearing was harmless.

The petition for reconsideration is allowed. The former opinion is modified and adhered to as modified.