***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Argued and submitted September 27, 2022; remanded for resentencing, otherwise affirmed April 19, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

HENRY ARNOLD RIVERS,
*Defendant-Appellant.*

Linn County Circuit Court
19CR77151; A175183

David E. Delsman, Judge.

Kyle Krohn, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Michael A. Casper, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.*

JACQUOT, J.

Remanded for resentencing; otherwise affirmed.

_____
* Jacquot, J., *vice* James, J. pro tempore.

**JACQUOT, J.**

Defendant was convicted after a jury trial on five counts of first-degree sexual abuse (Counts 1, 2, 9, 13, and 14), seven counts of first-degree sodomy (Counts 4, 5, 7, 8, 10, 11, and 15), three counts of first-degree rape (Counts 6, 16, and 17), one count of first-degree unlawful sexual penetration (Count 3), and one count of second-degree unlawful sexual penetration (Count 12). In an amended judgment, the court imposed various consecutive and concurrent sentences for a total of 400 months' imprisonment, as well as post-prison supervision of 20 years for certain convictions, minus the time served. On appeal, in six assignments of error, defendant argues that the trial court erred in having him wear a mask during his testimony (first assignment), erred in admitting certain evidence and excluding other evidence (second through fourth assignments), and erred in entering an amended judgment that contained sentencing terms that were not announced in open court (fifth and sixth assignments). The state responds that defendant failed to preserve his argument concerning the court's COVID-related mask requirement and, regardless, that there was no plain error on that issue, and that the court correctly ruled on the evidentiary questions. It concedes, however, that the court erred in entering an amended judgment with provisions that were not announced at sentencing. As explained below, we conclude that defendant failed to preserve any of his arguments about the COVID-related mask measures taken during trial, that the court did not plainly err on that issue, that the court properly ruled on the evidentiary issues, and that the case must be remanded for resentencing.

The trial occurred in late October 2020, fairly early in the COVID pandemic and before vaccines or effective treatments were available, at a time when courts were tasked with conducting trials and other proceedings in circumstances where there was a significant danger of spreading the virus. After an initial postponement due to COVID, the case went to trial in late October 2020, shortly after a surge of COVID in the community. Because of COVID-related concerns, before trial, the parties and the court discussed remote testimony by certain witnesses, and the

parties stipulated to jury selection occurring at the county fairgrounds rather than the courthouse as it was more suitable than the courtroom for maintaining social distancing.

Prior to trial, the court instructed the jurors to raise their hands if they were having difficulty hearing a witness. When the first witness was called, the prosecutor asked the court "what the position is on witnesses wearing the masks," and the court indicated that it wanted the witness to remain masked "since we're not able to socially distance." Later that day, the victim took the stand and, after she began to testify, the court told her, "they can't hear you in the back," and said, "If you need to remove the mask to be heard go ahead." The remainder of the victim's testimony was given while she was not wearing a mask, and no further discussion of masks occurred until defendant was about to testify on the following day. When defense counsel asked if defendant could remove his mask, the court replied, "I think we can hear him okay so I'd prefer he keep it on. I mean, that's going to be the rule beginning on Monday."[1] Defense counsel replied that he understood but noted that the victim had removed her mask. The court explained that that was because there were difficulties in hearing her and that if the same issue arose with defendant, it would consider having him remove his mask. Defense counsel responded: "Okay. It's just it's easier for people to see his facial expressions and judge things without it." Thereafter, defendant testified while wearing the mask. As noted, the jury returned a verdict of guilty on all counts.

Defendant asserts on appeal that the court lacked authority to require him to wear a mask during his testimony, arguing variously that (1) the Chief Justice Order No.

---

[1] The court was referring to Chief Justice Order No. (CJO) 20-045 (Oct 28, 2020), which had issued that day and was going to go into effect on November 1, 2020. It provided that all persons entering a court facility were "required to wear a protective face covering while in the court facility," but further provided that a judge presiding at trial could "[r]equire or permit a witness to remove a protective face covering when the witness is testifying, provided that a minimum of 6 feet of social distance is consistently maintained between the witness and any other person." The Chief Justice Order in effect at the time of the hearing was CJO 20-016 (May 15, 2020), which allowed the Presiding Judge of each court to require persons to wear masks, except "witnesses when testifying," but also to require "any other reasonable precautions to protect the health of all participants, including victims, interpreters, and court staff."

(CJO) 20-016 (May 15, 2020)—which, as explained above, was in effect at the time of the hearing, 325 Or App at 448 n 1—did not provide for masking of trial witnesses; (2) various constitutional principles disallowed requirements such as the masking requirement as unconstitutional restrictions on a defendant's right to testify and due process right to a trial by an impartial jury; and (3) Article I, section 11, of the Oregon Constitution did not permit requiring a defendant to be masked because it provides a defendant the right to meet witnesses "face to face," and also requires that a defendant not be forced to appear at trial in "physical restraints" without sufficient justification. He argues that he sufficiently preserved those arguments when counsel noted that it was easier for people to see facial expressions and judge things without a mask. He argues alternatively that the error in requiring him to wear a mask constitutes plain error under ORAP 5.45(1), and that this court should exercise discretion to correct it.

We conclude that defendant's arguments were not preserved and that the trial court did not commit plain error in requiring witnesses to wear masks unless the jury had difficulty hearing them. In order to be considered on appeal, an issue generally must first be presented to the trial court. The reasons for this are prudential in nature. *Peeples v. Lampert*, 345 Or 209, 219, 191 P3d 637 (2008). First, preservation gives the trial court a chance to consider and rule on an issue, thus possibly avoiding an error or taking steps to correct one already made. *Id.* Second, the preservation rule ensures fairness, giving the opposing party a chance to present its position on the legal issue. *Id.* And third, preservation "fosters full development of the record, which aids the trial court in making a decision and the appellate court in reviewing it." *Id.* at 219-20.

As has often been noted, for purposes of preservation, it is considered essential that a party "raise the relevant issue at trial, but less important to make a specific argument or identify a specific legal source with respect to the issue raised." *State v. Stevens*, 328 Or 116, 122, 970 P2d 215 (1998). Here, the issue defendant raises is whether the court lacked authority to require him to wear a mask under the circumstances. Nothing that was said in the trial

court would have alerted the court that defendant meant to assert that the court lacked such authority. Indeed, both before and during trial, the parties implicitly acknowledged that the court had authority to take steps to protect everyone involved in the proceeding from the risks of COVID. As noted, defendant did not object when the court declared its intention that witnesses should remain masked, nor did he object when the court allowed a witness to remove her mask in order to be heard. And when the court explained why it did not want defendant to remove his mask unless there were problems hearing his testimony, defense counsel said he "understood," and "Okay." While counsel did express an opinion that it would be "easier for people to see his facial expressions and judge things without" a mask, he did not suggest that the court lacked authority or sufficient reason to make the decision it did. This is not a matter of defendant simply failing to identify a source of his position, but a matter of defendant not informing the court at all of the position he now asserts. A party must "provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted." *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000). Defendant did not do so here.

Nor was the trial court's decision to require defendant to wear a mask under these circumstances plainly erroneous. As the conduct of the parties and the trial court in this case demonstrates, there is a well-recognized, albeit implicit, understanding that trial courts have inherent authority—and indeed a responsibility—to ensure the safety and security of those in the courtroom. *See generally State v. Agee*, 358 Or 325, 333, 364 P3d 971 (2015), *adh'd to as modified on recons*, 358 Or 749, 370 P3d 476 (2016) (trial courts have inherent authority to control and regulate courtroom proceedings and the conduct of persons connected with such proceedings). To qualify as plain error, the error must be one of law, the legal point must be obvious and not reasonably in dispute, and it must be apparent on the face of the record. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381, 823 P2d 956 (1991). Here, defendant suggests that the court's error is not reasonably in dispute because CJO 20-016 did

not authorize the court to require witnesses to wear masks while testifying. Defendant interprets that order too narrowly. While the order did not specify that the court could require masking of witnesses as the later order did, it provided that social distancing was to be followed during courtroom proceedings, and also that judges shall "[r]equire any other reasonable precautions to protect the health of all participants, including victims, interpreters, and court staff." CJO 20-016. As noted, there were concerns about the ability to maintain social distancing given the configuration of the courtroom. In that circumstance, it is far from clear that CJO 20-016 required the court to have witnesses testify without masks; rather, it arguably authorized the court to do otherwise if it deemed it a reasonable precaution to protect the health and safety of those in the courtroom. The constitutional arguments defendant advances are not the stuff of plain error.

Defendant next argues that the court erred in excluding character evidence proffered by a witness, defendant's long-time friend, that he had never known defendant to use or show an interest in pornography. Defendant cites *State v. Enakiev*, 175 Or App 589, 29 P3d 1160 (2001), for the proposition that lack of interest in pornography is a "pertinent trait of character" in this case. *See* OEC 404(2) ("Evidence of a person's character is not admissible for the purpose of proving that the person acted in conformity therewith on a particular occasion, except * * * [e]vidence of a pertinent trait of character offered by an accused[.]"). In *Enakiev*, we accepted the state's concession that evidence of the defendant's sexual propriety, offered by the defendant, was admissible, and we considered whether excluding it was harmless error.

Here, the state adduced evidence that defendant showed the victim pornography involving bestiality in order to encourage her to engage in such conduct. Defendant wanted to counter with his friend's testimony that defendant was not interested in pornography. The state conceded that the friend's testimony had some minimal relevance but asserted that, in response to the friend's testimony, it would present other testimony about defendant's character, including testimony from defendant's ex-wife that he

was interested in "a lot of illicit sexual activities." *See* OEC 404(2)(a) (allowing the state to present testimony about the defendant's character to rebut character evidence presented by the defendant). The court excluded defendant's evidence, explaining that it was not "relevant, or probative I guess" under the circumstances. The court noted that use of pornography is generally done in private and not the type of thing that a friend or social acquaintance could accurately testify about.

On appeal, defendant contends that the court excluded the friend's testimony as irrelevant, and that that was error. For current purposes, we assume, without deciding, that distaste for pornography, like sexual propriety, can be a "pertinent trait of character" about which a defendant may offer testimony pursuant to OEC 404(2)(a). Unlike defendant, however, we do not understand the court to have held that defendant's friend's testimony was irrelevant. Rather, although there is some ambiguity in the wording of the court's ruling, based on context and the court's use of the term "probative," we understand the court to have weighed the probative value of the evidence—which, as it correctly noted, was low, because even a close friend often will not be aware that their friend has an interest in pornography involving bestiality—against the likelihood that, if it was admitted, defendant's character would become a major issue in the trial, extending its length and distracting the jury from the central issues. *See* OEC 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."); *see State v. Anderson*, 363 Or 392, 409, 423 P3d 43 (2018) (concluding that the trial court engaged in OEC 403 balancing even though it did not expressly discuss its analysis). Given the low probative value of defendant's character evidence, the trial court did not abuse its discretion in excluding it. *See State v. Altabef*, 313 Or App 240, 245, 493 P3d 1099 (2021) ("We review a trial court's balancing under OEC 403 for an abuse of discretion[.]").

Defendant next argues that the court erred in admitting three photos of the victim, an adult at the time of

trial, taken during the period of time in her childhood when the alleged abuse had occurred. He asserts that they should have been excluded as unfairly prejudicial under OEC 403. The trial court reviewed the photos and determined that their probative value was not substantially outweighed by the risk of unfair prejudice. We conclude that the trial court did not abuse its discretion in admitting the photos.

Finally, defendant argues that the court erred in imposing post-prison supervision terms on Counts 6 and 14 in the amended judgment that differed from the term announced by the court at sentencing, and that the sentence on Count 14 was legally erroneous as it exceeded the statutory maximum sentence for the offense. The state agrees on both points. We agree that the court erroneously imposed the sentence in the amended judgment, that because the error appeared in the first instance in the judgment defendant was not required to preserve his argument in the trial court, and that defendant is entitled to a remand for resentencing. *See, e.g.*, *State v. Jacobs*, 200 Or App 665, 117 P3d 290 (2005) (remanding for resentencing under similar circumstances).

Remanded for resentencing; otherwise affirmed.